UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREG LACROSSE, et al.,<br><br>                    Plaintiffs,<br><br>       v.<br><br>PINNACLE WORKFORCE LOGISTICS, LLC, et al.,<br><br>                    Defendants. | CASE NO. C16-0904JLR<br><br>ORDER TO SHOW CAUSE |

## I.  INTRODUCTION

Based on the February 23, 2017, hearing on Plaintiffs Greg Lacrosse and Lori Lacrosse's motion to compel, it is unclear whether complete diversity exists between the parties, and the court therefore questions whether it has subject matter jurisdiction over this matter.  Accordingly, the court ORDERS Defendants to show cause why the court should not remand this case to Skagit County Superior Court for lack of subject matter jurisdiction.

## II. BACKGROUND & ANALYSIS

The Lacrosses initially filed this action in Skagit County Superior Court on October 30, 2015.[1] (Not. of Rem. (Dkt. # 1) ¶ 8; Am. Compl. (Dkt. # 1-1).) The lawsuit alleges negligence by Defendants Pinnacle Workforce Logistics, LLC ("Pinnacle LLC"), Roadlink Workforce Solutions, LLC ("Roadlink LLC"), and Capstone Logistics, LLC ("Capstone LLC") (collectively, "Defendants") arising out of a workplace injury incurred by Mr. Lacrosse. (*See* Am. Compl. ¶¶ 4.1-5.11.) During the events in question, Mr. Lacrosse worked as a night time manager at Fred Meyer in Burlington, Washington. (*Id.* ¶ 3.6.) The Lacrosses allege that Mr. Lacrosse incurred severe injuries when an improperly stretch-wrapped pallet tipped onto him during his November 10, 2012, work shift. (*Id.* ¶¶ 3.8-3.16.) On June 14, 2016, Defendants removed the case on the basis of diversity jurisdiction. (Not. of Rem. ¶¶ 19-22.)

In their amended complaint, the Lacrosses allege that Capstone LLC is the current name of Pinnacle LLC (Am. Compl. ¶ 1.5), which used to be known as Roadlink LLC (*id.* ¶ 1.3).[2] At the time of Mr. Lacrosse's injury, Roadlink LLC allegedly provided services to Fred Meyer such as preparing, loading, and stretch wrapping products and freight on pallets. (*See id.* ¶¶ 3.4-3.5.) At the February 23, 2017, hearing, however, two

---

[1] The Lacrosses had previously filed a similar action in this court, but the court dismissed the case without prejudice. *See Lacrosse v. Pinnacle Workforce Logistics, LLC*, No. C15-1583JLR, Dkt. # 4 (dismissing the case on November 2, 2015).

[2] These allegations regarding the relationship between Defendants appears to be inaccurate. (*See, e.g.*, Pinnacle CDS (Dkt. # 10); Capstone CDS (Dkt. # 9).) The court discusses the implications of that apparent inaccuracy below.

facts became clear:  (1) the Lacrosses inaccurately allege the relationship between Defendants, and (2) neither the Lacrosses nor any of Defendants fully and accurately understand the relationship between Defendants.

The confusion stems from the complex corporate history of the three entities, the deficient recordkeeping thereof, and internally inconsistent allegations and representations.  For instance, the Lacrosses allege that each Defendant is both an "LLC" and "a Delaware corporation." (*See* Am. Compl. ¶¶ 1.3 (Pinnacle LLC), 1.4 (Roadlink LLC), 1.5 (Capstone LLC).)  A limited liability company ("LLC") is a distinct form of corporate entity than a corporation.  *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  This distinction is particularly important in diversity cases.  For the purposes of diversity jurisdiction, "an LLC is a citizen of every state of which its owners/members are citizens." *Id.* at 896-99.  In contrast, a corporation is a citizen of the state in which its principal place of business is located and the state in which it is incorporated.  28 U.S.C. § 1332(c)(1).

In their corporate disclosure statements, Pinnacle LLC and Capstone LLC assert that Pinnacle LLC is a wholly owned subsidiary of non-party RWS Holdings, LLC, which is a wholly owned subsidiary of Capstone LLC, which is a wholly owned subsidiary of non-party Capstone Logistics Acquisition, Inc.  (Pinnacle CDS ¶ 1; Capstone CDS ¶ 1.)  Because each LLC in this hierarchy has only one "owner/member," *Johnson*, 437 F.3d at 899, this hierarchy renders Pinnacle LLC's domicile identical to RWS Holdings, LLC's domicile, which in turn is identical to Capstone LLC's domicile, which in turn is identical to Capstone Logistics Acquisition, Inc.'s domicile.  However,

there is no evidence in the record of Capstone Logistics Acquisition, Inc.'s principal place of business or place of incorporation.  (*See* Dkt.); 28 U.S.C. § 1332(c)(1).  Furthermore, at the hearing, Defendants—including Roadlink LLC itself—expressed ambivalence regarding how Roadlink LLC fits into the chronology and structure explained above.  Indeed, counsel for Roadlink LLC confessed that he is unsure whether and to what extent his client exists, and if it does not, what became of it.  The court therefore cannot conclude from the current record the domicile of Pinnacle LLC, Roadlink LLC, or Capstone LLC.  *See Johnson*, 437 F.3d at 899.

The Lacrosses allege that they are Washington domiciliaries (Am. Compl. ¶ 1), and no subsequent development has called this allegation into question.  However, the parties' unclear and inconsistent positions call into question the domicile of the respective Defendants.  "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants."  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  In addition, there is a "strong presumption" against removal jurisdiction, meaning "that the defendant always has the burden of establishing that removal is proper" by a preponderance of the evidence.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010) (stating the preponderance standard); Local Rules W.D. Wash. LCR 101(e) ("If the removal is based on diversity, the notice of removal must also, to the extent possible, identify the citizenship of the parties, and, if any of the parties is a limited liability corporation (LLC), a limited liability partnership (LLP), or a partnership, identify the citizenship of the

owners/partners/members of those entities to establish the court's jurisdiction."). Factual questions are generally resolved in favor of remand. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Based on the foregoing analysis, the court questions whether it has subject matter jurisdiction to hear this action. According, the court ORDERS Defendants to show cause within 10 days of the entry of this order why the court should not remand this case for lack of subject matter jurisdiction. Defendants may respond jointly or separately, but each Defendant must respond to this order. No response may exceed eight (8) pages. The Lacrosses may respond subject to the same deadline and page limit, but they are not required to do so.

### III.   CONCLUSION

The court ORDERS Defendants to show cause no later than 10 days from the entry of this order why the court should not remand this case for lack of subject matter jurisdiction. If Defendants fail to timely show cause, the court will remand this case to Skagit County Superior Court.

Dated this 24th day of February, 2017.

JAMES L. ROBART
United States District Judge